## THE CITY OF ELGIN
## v.
## DAVID GOFF.

*Municipal Corporations—Responsibility of for Acts of 'its Officers— Presumption as to Officer's Authority—Statute of Limitations.*

In an action brought against a city for the conversion of stone belonging to plaintiff it is *held:* That the presumption was, in the absence of proof, that the city marshal and street commissioner were acting within the scope of their authority in forbidding plaintiff to remove his stone, and that the statute of limitations did not begin to run until the city appropriated the stone to its own use by forbidding plaintiff to remove it.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. HENRY B. WILLIS and CHARLES H. FISHER, for appellant.

Appellee seeks to recover of appellant on account of the alleged interference of appellant's subordinate officers, more especially the city marshal—the marshal's threats to prosecute appellee if he removed stone from bank or from street, as they put it. The city marshal is an elected officer of appellant; so is the street commissioner. The marshal has no authority over streets, except for police purposes; the street commissioner, only that conferred by ordinance. The city marshal forbidding appellee from removing stone from street, even in presence of street commissioner, does not render

appellant liable in this case, unless especially authorized or empowered so to do. The maxim of *respondeat superior* does not apply. Dillon on Municipal Corporations, Secs. 772, 968, 974; Board of Trustees v. Schroeder et ux., 58 Ill. 353; The City of Chicago v. McGraw, 75 Ill. 566; Rowland v. City of Gallatin, 75 Mo. 134; Caldwell v. City of Boone, 51 Iowa, 687.

All that was done by appellant's subordinate officers was done upon their own motion and individual responsibility, without the knowledge or approval of appellant's proper authorities.

We submit, then, that to enforce the rule sought by appellee would be to establish a dangerous precedent—a new doctrine—one prejudicial to the rights of every municipality in the State.

Messrs. SHERWOOD & JONES, for appellee.

There are only two points of law in the case, as we view it, and those are too simple to need the citation of authorities upon:

1st. A municipal officer is presumed to act within the scope of his authority in the absence of proof to the contrary. 2d. The statute of limitation.

The authorities cited by appellant are not in point, for in this case no attempt was made by the city to repudiate the acts of its officers in the matter, or deny their authority to do what they did. It was sufficient for appellee to show the official character of Kinnear and Carr, and that they were acting in their official capacity when they forbade Goff to remove the stone.

The city has never disaffirmed their acts, nor denied their authority to do what they did, and the city must surely be estopped from repudiating the acts of its officers while it enjoys and continues to possess property acquired by such acts.

On the second proposition the evidence shows that about the year 1881 the city used some of these stones in repairing an abutment, and this being more than five years before the commencement of the suit, we made no claim for them before

the jury, but as to the balance the statute would not begin to run until the conversion, which took place when the city refused to allow Goff to move the stone, and this took place within a few months of the commencement of the action.

C. B. Smith, P. J. This was a suit begun before a justice of the peace to recover the value of certain stone belonging to the appellee, which the city, by its marshal and street commissioner, refuse to allow appellee to remove.

Originally the stone in question had been hauled by appellee to a lot owned by him in the city. By reason of some change in the street, made by the city, some of these stones were covered up, and when appellee went to remove his stone to another lot the marshal and street commissioner refused to allow him to take the stone, and threatened him with prosecution if he attempted to remove them. The city does not deny that appellee was the owner of the stone, nor does it deny that the city marshal and street commissioner refused the plaintiff the right to remove these stone. The defense is based on the grounds, 1st, that the city marshal and street commissioner were not acting within the scope of their authority, when they refused to allow plaintiff to take the stone, and 2d, that the statute of limitations had run against plaintiff's right of action.

Neither of these defenses is good. The presumption will be indulged that the marshal and street commissioner are acting within the scope of their authority unless the contrary appears.

The statute of limitations did not commence to run until the city appropriated the stone to its own use by prohibiting the plaintiff from removing it. This act was equivalent to a conversion of the stone by the city. This suit was begun only a short time after this refusal. The proceedings in the Circuit Court where the case had been appealed were in harmony with these views. The plaintiff had judgment for the value of the stone and we think that judgment was right. The judgment is affirmed.

*Judgment affirmed.*